UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PABLO MELENDEZ-CASTILLO, (A-Number: 205-313-063),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-3845-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Pablo Melendez-Castillo entered the United States at an unknown time without being admitted or paroled after inspection by an immigration officer.  He has a final removal order that was issued on March 5, 2013.  Respondent arrested petitioner on February 11, 2026, and has held him in immigration custody for the past four months.  Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his continued detention is illegal because he is stateless and has not been able to be removed to his home country of Honduras.  ECF No. 1 at 6.  Respondent moves to dismiss.  For the following reasons, I recommend that respondent's motion to dismiss be denied, the petition be granted, and petitioner be immediately released.

**Background**

Petitioner Pablo Melendez-Castillo was born in Honduras and put in foster care.  ECF No.

1

1 at 6.  His birth was not registered, and he indicates that he is "not a citizen anywhere."  *Id.*

Petitioner entered the United States at an unknown time without being admitted or paroled after inspection by an immigration officer.  ECF No. 8-1 at 1.  Respondent first detained petitioner on May 17, 2012, when he came to respondent's attention after a state conviction for possessing a controlled substance.  ECF No. 8-1 at 8.  Respondent issued him a notice to appear.  *Id*. at 9.  Respondent released petitioner from immigration custody at an unknown time.  ECF No. 8 at 1.  On March 5, 2013, petitioner was ordered removed by an immigration judge.  ECF No. 8-1 at 6.  That removal order is final.  *Id.* at 3.

Respondent detained petitioner again on October 16, 2017, after his arrest by local authorities.  *Id.* at 5.  Respondent did not remove petitioner to Honduras because a travel document could not be obtained.  *Id.* at 2.  On February 22, 2019, respondent released petitioner on an order of supervision.  *Id.*

Petitioner was detained by ICE on February 11, 2026, after his arrest by local authorities.  *Id.*at 1.  He has been in immigration custody for four months.  Respondent seeks to "execute that final order of removal."  ECF No. 8 at 1.  Petitioner's criminal history shows a misdemeanor for driving without a license, a petty theft conviction, and several drug-related offenses, including drug possession, disorderly conduct, and possession of paraphernalia.  ECF No. 8-1 at 2.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner asserts that he is not a citizen anywhere, and he asks to be released in the United States or removed to Honduras.  ECF No. 1 at 6, 7.  Given petitioner's discussion of his past ICE detention and his statelessness, I construe this claim as challenging his prolonged post-removal-order detention under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).[1]  Respondent also construes petitioner's claim as raising a prolonged detention challenge under *Zadvydas* and argues that petitioner's detention is presumptively reasonable.  *See* ECF No. 8 at 3.

In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026).  Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1231(a)(2) and (a)(6) because he has a final order of removal and has previously failed to comply with orders of supervision.  ECF No. 8 at 1.  Petitioner does not dispute that he has a final order of removal.  ECF No. 1 at 7.  There is also no dispute that the 90-day removal period set forth in section 1231(a)(2) has expired.  *See* ECF No. 8 at 2 (arguing that detention of "just over three months" does not violate due process.)  Accordingly, respondent is detaining petitioner under 8 U.S.C. § 1231(a)(6), which provides for detention "beyond the removal period" for certain noncitizens.

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal. 533 U.S. 678 (2001).  Although the Government has statutory authority to detain non-citizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, 533 U.S. at 699.  The Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701.

---

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n. 1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

This time-period "does not reset when the government detains [a non-citizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *1 (E.D. Cal. May 19, 2026) (quoting *Sied v. Nielsen*, No. 17-cv-6785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018)); *see also Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the Zadvydas period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.").

Thus, respondent has detained petitioner well past the six-month presumptively reasonable period set forth in *Zadvydas*. Petitioner spent over 15 months in custody from October 2017 to February 2019 while respondent tried to obtain travel documents for his removal to his home country of Honduras. ECF No. 8-1 at 5, 2. Respondent released petitioner from custody in February 2019, having failed to obtain those travel documents.[2] *Id*. at 2. Petitioner has spent another four months in immigration custody since his arrest in February 2026. *Id*. at 1. Thus, petitioner has spent approximately 19 months in post-removal-order custody under *Zadvydas*.

Petitioner has provided a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. . . ." *Zadvydas*, 533 U.S. at 701. Petitioner alleges that he is not a citizen of Honduras due to the circumstances of his birth and the failure to register him as a citizen. ECF No. 1 at 6. He states that he is not a citizen of any country. *Id*. Respondent acknowledges this claim and does not dispute it. ECF No. 8 at 3. Considering that respondent was unable to obtain travel documents for petitioner during his 15 months of custody from October 2017 to February 2019, petitioner provides a good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

This shifts the burden to respondent to provide "evidence sufficient to rebut that showing"

---

[2] I note that in January 2019, petitioner filed a petition for writ of habeas corpus in this court arguing that this prior period of immigration detention was unreasonable under *Zadvydas* and explaining that Honduras would not take him back because he does not have a birth certificate. *Melendez-Castillo v. Nielsen, et al.*, No. 2:19-cv-0122-MCE-EFB (Jan. 18, 2019). This petition was dismissed in June 2019 based upon petitioner's lack of opposition to a motion to dismiss. The current record indicates that petitioner had been released by ICE by that point.

under *Zadvydas*. *See* 533 U.S. at 701. Respondent provides no information indicating what process it has undertaken in the past four months to obtain travel documents for Honduras, and whether that process is likely to be successful now, when it was not in the past. *See* ECF No. 8 at 3. Rather, respondent acknowledges petitioner's statement that "[he is] not a citizen anywhere," and asserts that this would not prevent removal to a third country "if that were necessary." *Id.*

Respondent cannot defeat petitioner's *Zadvydas* claim merely by raising the specter of removal to a third country. Respondent does not state that any third country has been identified for removal. *See Aaron H.*, 2026 WL 1398910, at *2 (rejecting the respondent's argument that ICE is "now attempting to identify a third country for removal" as a basis for ongoing detention). Even if respondent did find a third country willing to accept petitioner, respondent must provide petitioner with an opportunity to raise a fear-based claim as to the designated country. *Id.*

Respondent's rationale for detention—that it wants to execute the removal order and that nothing prevents it from sending petitioner to a third country—fails to meet its burden under *Zadvydas*. Courts have repeatedly found that even more specific evidence was insufficient to rebut the unreasonableness of prolonged detention under *Zadvydas*. *See, e.g.*, *Andreasyan v. Gonzales*, 446 F. Supp. 2d 1186, 1189 (W.D. Wash. 2006) (evidence that the petitioner's case was "still under review and pending a decision" insufficient to rebut *Zadvydas* claim); *Islam v. Kane*, No. 11-cv-515- PGR-LOA, 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4374205 (D. Ariz. Sept. 20, 2011) (repeated statements from foreign consulate that the travel document request was pending insufficient); *Khader v. Holder*, 843 F. Supp. 2d 1202, 1208 (N.D. Ala. 2011) (pending travel document request insufficient, where "[t]he government offers nothing to suggest when an answer might be forthcoming or why there is reason to believe that he will not be denied travel documents"); *Mohamed v. Ashcroft*, No. 01-cv-1747-P, 2002 WL 32620339, at *1 (W.D. Wash. Apr. 15, 2002) (pending travel document request insufficient).

As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful. *See Aaron H.*, 2026 WL 139890, *2; *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16,

2025).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1.      The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2.      Respondent's motion to dismiss, ECF No. 8, be DENIED.

3.      Respondent be ordered to immediately release petitioner (A-Number: 205-313-063) from its custody.  Respondent may impose such conditions or special conditions of release that are appropriate pursuant to applicable statutes and regulations.

4.      Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal and follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

5.      The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

6.      The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6